UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| THERESA SCHULTZ<br><br>v.<br><br>ROUSE'S ENTERPRISES, L.L.C. | CIVIL ACTION NO.: _____<br><br>SECTION: \_\_\_\_<br><br>JUDGE: _____<br><br>MAGISTRATE: _____ |

## **COMPLAINT**

NOW INTO COURT, through undersigned counsel, comes Plaintiff, Theresa Schultz ("Schultz"), who represents as follows:

### **Parties**

1.

Schultz is a natural person of the age of majority. She is a resident and domiciliary of the State of Mississippi.

2.

Made Defendant herein is Rouse's Enterprises, L.L.C. ("Rouse's"), a Louisiana limited liability company. Rouse's is registered and organized in Louisiana and has its principal place of business in Louisiana.

### **Venue and Jurisdiction**

3.

This is a Court of proper venue because Rouse's is a resident of this judicial district. 28 U.S.C.§ 1391(b)(1). This is also a Court of proper venue because a substantial part of the events giving rise to Schultz's claims occurred in this district. 28 U.S.C. § 1391(b)(2).

4.

This Court has subject matter jurisdiction because there is complete diversity of citizenship between Schultz and Rouse's, and Schultz's damages exceed $75,000.00. 28 U.S.C. § 1332(a).

**Factual Background**

5.

On December 30, 2019, Schultz was injured in a fall (the "Fall") at the Rouse's located at 50 Park Place Dr., Covington, LA 70433 (the "Store").

6.

Schultz was at the Store performing job duties as part of her work as an independent liquor distributor.

7.

Schultz's work required her to reach a six-pack of beer located on a top shelf. There were several Rouse's displays blocking access to the shelf.

8.

Prior to the date of the Fall, Schultz had notified Rouse's on multiple occasions of the hazards created by store displays blocking access to shelves. Rouse's never addressed Schultz's concerns and failed to correct the problem. Rather, Rouse's displays continued to block shelf access at the Store.

9.

On the date of the Fall, Schultz attempted to reach the shelf she needed to access, but due to the store displays, that was virtually impossible. As she reached around the displays for the merchandise she needed, she lost her balance and fell to the floor.

**Damages**

10.

As a result of the Fall, Schultz suffered significant bodily injuries, including a broken right wrist. The Fall also aggravated Schultz's complex regional pain syndrome ("CRPS") and caused it to travel to her right wrist.

11.

Schultz received medical treatment for her injuries caused by the Fall.

12.

Schultz's injuries and pain have prevented her from being able to work and resulted in her being forced to end her career as a liquor distributor.

13.

Schultz suffered the following damages as a result of the Fall:

a. Past, present, and future personal injuries;

b. Past, present, and future medical costs;

c. Past, present, and future pain and suffering;

d. Past, present, and future loss of enjoyment of life, mental anguish, stress, and difficulty sleeping;

e. Past lost wages;

f. Future loss of earning capacity; and

g. Travel expenses associated with obtaining medical treatment.

14.

Schultz's damages exceed $75,000.00.

**Negligence and Liability**

15.

Rouse's had custody and control of the Store, including the displays and the area where the Fall occurred, at all pertinent times on December 30, 2019.

16.

On information and belief, Rouse's knew of the existence of the hazards created by the store displays prior to the Fall, or should have known of the existence of the hazards had Rouse's exercised reasonable care.

17.

The hazards created by the store displays created an unreasonable risk of harm. The store displays created tripping and/or falling hazards for persons like Schultz who needed to access shelves and/or merchandise blocked by the displays.

18.

The Fall could have been prevented by Rouse's exercise of reasonable care, but Rouse's failed to exercise reasonable care and failed to prevent, remove, and/or warn of the hazards in the Store. Rouse's failed to move the displays to safer locations, failed to remove the displays, failed to erect different displays that did not create, and/or failed to erect any warnings about the hazards caused by the displays.

19.

The negligent acts and omissions of Rouse's, including failure to identify the hazards created by the displays, failure to remove the hazards, and failure to properly warn of the hazards, were legal and proximate causes of Schultz's damages.

WHEREFORE, Schultz prays that after due proceedings be had, that this Complaint be deemed good and sufficient, and that Judgment be rendered in favor of Schultz and against Rouse's for all damages arising out of the Fall. Schultz further prays for judicial interest from the date of demand, all costs of this proceeding, and all other just and equitable relief that this Court deems proper.

Respectfully Submitted,

/s/ Seth Smiley
**SMILEY LAW FIRM, LLC**
SETH J. SMILEY (# 32693)
BRADLEY ALDRICH (# 32316)
BENJAMIN THOMAS (# 34988)
805 Arabella St.
New Orleans, LA 70115
Office: 504-894-9653
Fax: 504-605-2054
seth@smileyfirm.com
bradley@smileyfirm.com
ben@smileyfirm.com
*Attorneys for Plaintiff*

**Plaintiff will attempt service *via* waiver, pursuant to F.R.C.P. 4(d).**