# Cody J. Acosta

| | |
|---|---|
| **From:** | Cody J. Acosta |
| **Sent:** | Thursday, March 25, 2021 7:09 PM |
| **To:** | 'Ben Thomas' |
| **Cc:** | Seth Smiley; Bradley Aldrich; Christie A. Trosclair; Lawrence E. Abbott |
| **Subject:** | RE: Schultz v. Rouses |

Ben,

As I discussed during our telephone call yesterday, my request to you for consent to extend the discovery period in order to take Dr. Sapp's deposition was based on my misunderstanding that you were not available on the one date she was available within the discovery period. As I also mentioned to you on the phone yesterday, since you are available on April 13, 2021, I will not be requesting a ten-day continuance as we are trying to adhere to the Court's scheduling order in this matter. We will be issuing the notice of deposition for Dr. Sapp tomorrow.

Second, I must correct your statement regarding the professional courtesies we have extended to you in this matter. We have not requested a single continuance of any deadline, discovery or otherwise, from you in this matter save for the one I mentioned in the first paragraph. It has been our intention to comply with all deadlines in this matter, and all of our recent activity has been undertaken with these deadlines in mind. We responded to your discovery requests within the time delays set by the Federal Rules, we have supplemented our initial disclosures, and we have been making every effort to supplement our productions with all of your client's medical records as soon as we receive them from the providers.

Furthermore, we have repeatedly tried to work with you regarding the various conferences that have taken place throughout this same time period. When it came time to schedule a Rule 37 conference regarding the RFAs and RFPs, we rescheduled that conference twice in order to better accommodate your calendar. Although we disagree about the substance and merits of your objections to the RFAs, as more fully outlined within our motion to compel, we did nevertheless resolve some of the issues that we first raised in our Rule 37 letter. (Particularly, the photographs and text messages issues). I believe we have worked well-together thus far, and I see no reason why we cannot continue to expeditiously work together in order to get this case ready for trial come July.

All that being said, the issues that I have outlined in my email below go beyond professional courtesy. Although you did produce a report by Dr. Sapp in advance of your disclosure deadline, that report was nothing more than a placeholder and devoid of any actual expert opinions. Furthermore, you have not sought leave to extend the expert disclosure deadline nor did you ask Rouses for its consent for filing a motion for leave to supplement Dr. Sapp's original report. It is Rouses' position that the second report was produced in violation of the applicable scheduling order, and we requested you withdraw that second report as a result. Based on your email below, I think it's fair to say that we will not be able to resolve this particular issue without court-intervention.

Cody J. Acosta
*Associate, Licensed in Louisiana*
**Cotten Schmidt LLP – Attorneys - New Orleans  | Fort Worth | Houston | Corpus Christi**
650 Poydras Street, Suite 1950 | New Orleans, Louisiana 70130 | Phone-(504) 568-9393

**From:** Ben Thomas <ben@smileyfirm.com>
**Sent:** Thursday, March 25, 2021 5:31 PM
**To:** Cody J. Acosta <cacosta@cottenschmidt.com>

**Cc:** Seth Smiley <seth@smileyfirm.com>; Bradley Aldrich <Bradley@smileyfirm.com>
**Subject:** Re: Schultz v. Rouses

Cody:

As was noted in the report(s), it was impossible to consult with the plaintiff's treating physician until after the deadline. I find it curious that I have extended every single courtesy to you, including extending all deadlines, upon your request and without hesitation and you refuse to do the same. I recommend we get Magistrate North on the phone.

-Ben Thomas
**Benjamin Thomas**
**Smiley Injury Law, LLC**
**Office Address:**
805 Arabella St.
New Orleans, LA 70115
(504) 822-2222 (main)
(504) 605-2054 (fax)
www.smileyinjurylaw.com


On Thu, Mar 25, 2021 at 4:10 PM Cody J. Acosta <cacosta@cottenschmidt.com> wrote:

> Dear Ben,
>
> Upon review of the jurisprudence, rules of procedure, and scheduling order in this matter, it's Rouses' position that Dr. Sapp's March 18, 2021 report for your client is an untimely expert disclosure, and we are requesting you withdraw that report. This second report is materially different from her original report, in which Dr. Sapp specifically stated that she had no opinions to offer regarding Ms. Schultz's life-care planning needs, and therefore cannot be considered a true "supplemental" report. This conclusion is reinforced by the fact that Dr. Sapp's original report, which was submitted prior to your expert disclosure deadline, failed to comply with the requirements of both FRCP 26(a)(2)(b) as well as the Court's scheduling order, which required "Written reports of experts, as defined by Federal Rule of Civil Procedure 26(a)(2)(B), who may be witnesses for Plaintiffs fully setting forth all matters about which they will testify and the basis therefor shall be obtained and delivered to counsel for Defendant as soon as possible, but in no event later than Thursday, March 4, 2021."
>
> Specifically, Dr. Sapp's original report contained no opinions that she would testify on for this matter, did not contain exhibits that she intended to use to summarize or support her opinions, did not contain a list of her qualifications, did not contain a statement of the compensation Dr. Sapp was receiving for her engagement for this matter, and it did not contain a list of all cases Dr. Sapp has testified in during the previous four years.
>
> Considering these issues, and the fact that Dr. Conn's second report was produced beyond the deadline for your expert disclosures, we are asking that you please withdraw the second report. If you do not withdraw this second report, we intend to file a motion to strike that document, as well as any opinions contained within it. For your reference, we would suggest you review the Fifth Circuit's opinion in the matter of *Harmon v. Ga. Gulf Lake Charles L.L.C.,* 476 Fed. Appx. 31 (2012), which contains very similar facts as far as expert disclosures are concerned.

Sincerely,

Cody J. Acosta

*Associate, Licensed in Louisiana*

**Cotten Schmidt LLP – Attorneys - New Orleans | Fort Worth | Houston | Corpus Christi**

650 Poydras Street, Suite 1950 | New Orleans, Louisiana 70130 | Phone-(504) 568-9393