UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

THERESA SCHULTZ                                                             CIVIL ACTION

VERSUS                                                                            NUMBER: 20-2830

ROUSE'S ENTERPRISES, L.L.C.                                          SECTION: "I"(5)

**ORDER ON MOTION**
**APRIL 8, 2021**

APPEARANCES:

MOTION:

(1)     Defendant's Motion to Compel Discovery and Determine Sufficiency of Responses to Requests for Admission (Rec. doc. 17).

_____ :      Continued to

_____ :      No opposition.

\_\_ 1 \_\_ :     Opposition.

**ORDERED**

_____ :      Dismissed as moot.

_____ :      Dismissed for failure of counsel to appear.

_____ :      Granted.

_____ :      Denied.

\_\_ 1 \_\_ :     Other.  Granted in part and denied in part.
Requests for Admissions:  Plaintiff's objections that any of the requests are "vague and ambiguous" are overruled for the following reasons.  First, they are impermissible boilerplate.  "An objection to a discovery request is boilerplate when it merely states the legal grounds for the objection without: (1) specifying how the discovery request is deficient and (2) specifying how the objecting party would be harmed if it were forced to respond to the

request."  *Chevron Midstream Pipelines, LLC v. Settoon Towing, LLC*, Nos. 13-CV-2809, 13-CV-3197, 2015 WL 269051 at *3 (E.D. La. Jan. 20, 2015) (citing *St. Paul Reinsurance Co., Ltd. v. Commercial Financial Corp.*, 198 F.R.D. 508, 511-12 (N.D. Iowa 2000)).  Second, the objections are waived.  As a matter of simple logic, a litigant cannot state an otherwise proper objection to a discovery request and then provide a substantive response to that same request "subject to and not waiving said objection" without, in fact, waiving said objection.  Finally, the objections are not well-taken substantively.  The Court does not believe that Plaintiff and her counsel are confused, unclear or otherwise mystified by plain English words like "place her foot onto."  The requests shall be admitted or denied without these objections.  Request for admission number 11 need not be supplemented, as Plaintiff has affirmatively stated she is not seeking lost past or future wages.

Requests for Production:  Consistent with this Court's prior rulings, the Plaintiff's public social media posts need not be produced as they are, by definition, fully available to Defendant.  *See Farley v. Callais & Sons LLC*, No. 14-2550, 2015 WL 4730729 (E.D. La. Aug. 10, 2015).  However, the Court notes that Plaintiff's counsel states in brief that Plaintiff's Facebook profile "is currently set to 'public,'" raising the possibility that responsive postings may exists from a time before the profile was set to "public."  Accordingly, Plaintiff is ordered to produce responsive private social media postings no later than May 1, 2021.  If no such postings exist, Plaintiff shall so affirm in a sworn declaration provided to opposing counsel.

                                              MICHAEL B. NORTH
                                   UNITED STATES MAGISTRATE JUDGE

2