UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| THERESA SCHULTZ | * | CIVIL ACTION: 20-CV-02830 |
| | * | |
| VERSUS | * | |
| | * | JUDGE LANCE AFRICK |
| ROUSE'S ENTERPRISES, L.L.C. | * | |
| | * | |
| | * | MAG. MICHAEL B. NORTH |
| | * | |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO EXCLUDE EXPERT REPORTS AND ANTICIPATED TESTIMONY OF DR. LACY SAPP, PH.D.**

NOW INTO COURT, through undersigned counsel, comes plaintiff, THERESA SCHULTZ ("Plaintiff" or "Schultz"), who respectfully submits the instant response in opposition to Defendant's motion to exclude the expert reports and anticipated testimony of Dr. Lacy Sapp, Ph. D.

**I.   STATEMENT OF FACTS AND PROCEDURAL BACKGROUND**

On December 30, 2019, Plaintiff sustained injuries from a fall at Defendant Rouses store # 31, located at 50 Park Place Dr., Covington, LA 70433 ("Rouses" or the "Store").  At the time of her fall, Plaintiff was performing work as an independent liquor, wine, and beer distributor for International Wine and Spirits ("International").[1]  As part of her job, Plaintiff regularly visited various stores, including the Rouses store at issue, to inventory International's product and take orders.[2]  Plaintiff also was responsible for "fronting," which means she would move International products from the back of a shelf to the front to make the product visible and accessible to customers and increase sales.[3]

---

[1] Exhibit A, Deposition of Theresa Schultz, p. 35.
[2] Exhibit A, Deposition, pp. 42-43, 49
[3] Exhibit A, Deposition, pp. 44-45, 57.

1

On the day of her fall, Plaintiff was attempting to reach a six-pack of beer located on a top shelf at the Store and pull it forward to the front of the shelf. One of Rouses' displays blocked access to the shelf at issue, prohibiting Plaintiff from reaching the beer and moving it to the front of the shelf.[4] Plaintiff was not allowed to move or adjust Rouses' displays.[5] Because she was explicitly prohibited from moving the display, Schultz had to maneuver around the display, "contort[ing] [her] body" behind it, in order to reach her product and front it.[6]

Plaintiff had complained numerous times to Rouses that its displays created a hazard and blocked access to shelves, preventing her from doing her job.[7] Plaintiff explained in her deposition that she complained to at least ten (10) Rouses' managers and/or employees about the displays.[8] Nonetheless, Rouses failed to address Schultz's concerns or correct the problem with the displays.

On the date of her fall, Plaintiff attempted to maneuver around the display at issue to reach the International merchandise she needed to move (i.e., the six-pack of beer).[9] As Plaintiff attempted to reach the merchandise, she lost her balance and fell.[10] Contrary to Defendant's assertions, Plaintiff "never stepped on to the bottom shelf" and "never put any weight on to the bottom shelf."[11] Rather, the unnatural position Plaintiff had to assume in order to reach and front the six-pack of beer, due solely to the placement of the Store display, caused Plaintiff's fall.

---

[4] Exhibit A, Deposition, pp. 91-92, 94.
[5] Exhibit A, Deposition, pp. 94, 110-111.
[6] Exhibit A, Deposition, p. 93.
[7] Exhibit A, Deposition, p. 108-109.
[8] Exhibit A, Deposition, p. 109.
[9] Exhibit A, Deposition, p. 93.
[10] Exhibit A, Deposition, pp. 94-95.
[11] Exhibit A, Deposition, pp. 95-96

As a result of her fall, Schultz suffered significant injuries, including a broken right wrist and Complex Regional Pain Syndrome ("CRPS").[12]  She has trouble doing simple tasks such as combing her hair or brushing her teeth.[13]

Plaintiff filed her complaint on October 16, 2020.  (Doc. 1).  The parties have exchanged discovery requests and responses, and Plaintiff has testified by deposition.  In preparation for trial set for July 6, 2021, Plaintiff submitted her first expert report of Dr. Lacy Sapp, Ph. D. on March 2, 2021.  Plaintiff subsequently submitted a supplemental report of Dr. Sapp on March 18, 2021.  Defendant filed its motion to exclude the expert reports and anticipated testimony of Dr. Lacy Sapp, Ph. D. on May 4, 2021 (Doc. 39).

II.     **LEGAL ARGUMENT**

Rule 702 of the Federal Rules of Evidence governs the admissibility of expert witness testimony and provides that a witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:

(a)     the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
(b)     the testimony is based on sufficient facts or data;
(c)     the testimony is the product of reliable principles and methods; and
(d)     the expert has reliably applied the principles and methods to the facts of the case.

Rule 702, Fed. R. Evid.

As Defendant notes, the role of the district court in evaluating proffered expert testimony is that of a "gatekeeper," "the district court is not intended to replace the adversary system: 'Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible

---

[12] Exhibit A, Deposition, pp. 16-17, 74, 122-123.
[13] Exhibit A, Deposition, p. 123.

3

evidence.'" *Prejean v. Satellite Country, Inc.*, 474 F. Supp. 3d 829, 833 (W.D. La. 2020) (citation omitted).

Once it is determined that a witness is qualified to testify as an expert, the court must determine whether the testimony is both relevant and reliable. *Id.* Expert testimony is relevant if it would assist the trier of fact in understanding or determining a fact in issue. *Id.* Expert testimony is reliable where (1) the testimony is based on sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness applied the principles and methods reliably to the facts of the case. *Id.* at 833-34.

In *Prejean, supra,* the Western District of Louisiana cites *Total Control, Inc. v. Danaher Corp.*, 338 F. Supp. 2d 566 (E.D. Pa. 2004). There, much like in the instant case, the defendant moved to exclude expert testimony because, among other reasons, the expert employed no specialized knowledge, and the testimony would be needlessly cumulative. *Total Control*, 338 F. Supp. 2d at 569. While defendant acknowledged that the expert possessed specialized knowledge, defendant argued that no such knowledge was employed by the expert in reaching his conclusions. *Id.* Rather, according to the defendant, the expert "simply used basic skills of arithmetic in arriving at his damage calculations." *Id.* The Court rejected this argument and denied defendant's motion to exclude the testimony, reasoning that the testimony would assist the trier of fact in reaching a determination. *Id.* at 570. Likewise, the Court rejected the argument that the testimony would be cumulative to that of plaintiff's president, stating, "…[e]xpert testimony is admissible if it will simply assist the trier of fact to understand the facts <u>already in the record</u>." *Id.* (emphasis added).

In the instant case, the testimony of Dr. Sapp will assist the trier of fact; that is the most important consideration in determining whether her testimony is admissible as expert testimony. Accordingly, regardless of whether her methods or calculations are complex, the testimony should

be allowed in order to assist the factfinder in reaching a determination. *See Solstice Oil & Gas I LLC v. Obes Inc.*, 2015 WL 5059601, *5 (Aug. 26, 2015) (stating that "[c]ourts have taken a liberal approach to the admissibility of expert testimony in instances where a party offers expert guidance to the trier of fact regarding factual issues that arguably fall within the competence of lay people"); *Sudo Properties, Inc. v. Terebonne Parish Consolidated Govt,* 2008 WL 2623000, *7-10 (E.D. La. July 2, 2008) (rejecting argument to exclude expert testimony and finding that the accountant's specialized knowledge would assist the trier of fact regardless of whether the calculations were complex).

Respectfully submitted,

**SMILEY INJURY LAW, LLC**

/s/ Benjamin Thomas

------

SETH J. SMILEY (#32693)
BENJAMIN THOMAS (#34988)
805 Arabella St.
New Orleans, LA 70115
Telephone: (504) 822-2222
Facsimile: (504) 605-2054
seth@smileyfirm.com
ben@smileyfirm.com
*Attorneys for Plaintiff*