## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **THERESA SCHULTZ** | **CIVIL ACTION** |
| **VERSUS** | **No. 20-2830** |
| **ROUSE'S ENTERPRISES, L.L.C.** | **SECTION I** |

### ORDER & REASONS

Theresa Schultz ("Schultz") was injured when she fell at Rouses Market #31 in Covington, Louisiana on December 30, 2019. Schultz, a liquor distributor who was delivering products at the time, later sued Rouse's Enterprises, L.L.C. ("Rouses"), claiming that its negligence caused her injuries.[1]

Before the Court is Rouses's motion[2] for summary judgment. Schultz opposes[3] the motion, and Rouses filed a reply[4] to her opposition. Additionally, both parties filed supplemental briefing[5] in response to a Court order, and Rouses filed a surreply.[6]

For the reasons that follow, the motion for summary judgment is granted and this case is dismissed with prejudice.

---

[1] R. Doc. No. 1 (Complaint).

[2] R. Doc. No. 38. Rouses has also a filed a motion *in limine* to exclude the reports and testimony of Dr. Lacy Sapp, one of Schultz's witnesses, R. Doc. No. 39, as well as a motion for leave to file a second motion *in limine*, R. Doc. No. 57. Because the Court is granting the motion for summary judgment, it will dismiss the motions as moot.

[3] R. Doc. No. 41.

[4] R. Doc. No. 47.

[5] R. Doc. No. 51 (Schultz's memorandum); R. Doc. No. 52 (Rouses's memorandum).

[6] R. Doc. No. 55 (surreply).

## I.     INTRODUCTION

Schultz's visit to Rouses was in her capacity as "an independent liquor, wine, and beer distributor" for International Wine and Spirits.[7]  In that role, she was required not only to deliver her products to Rouses, but also for 'fronting' them— moving her products as close to the front of Rouses's shelves as possible to drive sales.[8]  Schultz claims that she was injured when she lost her balance contorting around a temporary display in front of a shelf she needed to reach and that this was the result of Rouses's negligence.[9]

There are significant disputes of fact (*e.g.*, whether Schultz was scaling the shelf at the time she fell) and law (*e.g.*, whether Louisiana's Merchant Liability Act, R.S. 9:2800.6 [the "MLA"], applies to the instant case) remaining.  However, as explained below, the Court need not address these because, resolving all material factual disputes in Schultz's favor, and regardless of whether the MLA applies, summary judgment is appropriate in light of the open and obvious nature of the alleged defect Schultz confronted.

## II.     FACTUAL BACKGROUND

Because of the narrow issue of law that dictates the Court's ruling on the instant motion, and because of the disputed nature of a number of non-material facts,

---

[7] R. Doc. No. 41, at 1.  The Court resolves all factual disputes in Schultz's favor.
[8] *Id.* at 1–2.
[9] *Id.* at 2; *see also* R. Doc. No. 55, at 3 (a photograph which the parties agree was taken by Schultz and which clearly shows the relevant display).

the Court will set forth only those facts necessary to understand the case and to resolve the motion and it will do so relying on Schultz's description of events except where noted.

As noted, Schultz's accident occurred while she was carrying out her "fronting" duties. Schultz explains that, at the time of the accident, she "was attempting to reach a six-pack of beer located on a top shelf at the Store and pull it forward to the front of the shelf."[10] Unfortunately, a display—shown below—"blocked access to the shelf at issue, prohibiting [Schultz] from reaching the beer and moving it to the front of the shelf."[11]

---

[10] R. Doc. No. 41, at 2.
[11] *Id.*



12

    In her opposition to the motion for summary judgment, Schultz claims that, on

"the date of her fall, [she] attempted to maneuver around the display at issue to reach

. . . the merchandise she needed."[13]  Schultz testified that, although "the display [was]

at an angle," leaving "a little bit of space" behind it to access the shelves, it was also

---

[12] R. Doc. No. 38-8.  During her deposition, Schultz reviewed the photograph and
confirmed both that she had taken it and that the floor display in the center of the
photograph is the one at issue.  R. Doc. No. 41-1, at 91–93.
[13] R. Doc. No. 41, at 2.

"butted up against the shelf."[14]   Because she needed to pull the six-pack forward on the shelf, she stood "behind [the display] to the right, on the right side, and . . . squeezed and contorted [her] body behind it."[15]   Schultz then "raised up on [her] left foot and leaned in behind the display, [and] stretched [her] pen to try to catch the plastic ring of the beer cans."[16]   While doing so, "to balance [herself] . . . in the strip of shelves at the very bottom that has the price tag, [Schultz] placed [her] foot to balance [her] body to where [she] could reach" the beer.[17]   She explained that she needed to do this because "if you stand up and try to lean all the way to your left, your body is going to kick your right leg out."[18]

Unfortunately, Schultz "couldn't quite get [the beer cans] the first time" and "tr[ied] to hop up" to reach them.[19]   Specifically, "[o]n [her] left foot, [she] kind of hopped up to grab the ring [attached to the beer cans] with [her] pen."[20]   Schultz testified that she was about "a half inch [away] from it and . . . caught it and hopped up."[21]   But her "foot left the lip of the shelf and then[,] the next thing [she] knew, [she

---

[14] R. Doc. No. 41-1, at 94.

[15] *Id.* at 93.

[16] *Id.* at 94.

[17] *Id.*  This description of Schultz's actions is taken from her deposition testimony, and she has not indicated she misspoke.  To the extent other record evidence might indicate that she was actually climbing the shelf, the Court need not resolve that factual dispute to reach the 'open and obvious' issue—though if it did, it would draw all justifiable inferences in Schultz's favor.

[18] *Id.*

[19] *Id.* at 95.

[20] *Id.*

[21] *Id.*

was] going down."[22]  As Schultz put it: "I reached my arm out and then the next thing I remember, I'm looking around and hopped up real quick to see if anybody saw me."[23]

Schultz confirmed during her deposition that she, as alleged in her complaint, had warned Rouses of the hazard created by the "store displays blocking access to shelves."[24]  She also testified that, to her, the display was "obvious,"[25] and that she had to re-stock the top shelf at the Rouses in question "pretty much every week."[26]

## III.   SUMMARY JUDGMENT STANDARD

Summary judgment is proper when, after reviewing the pleadings, the discovery and disclosure materials on file, and any affidavits, a court determines that there is no genuine dispute of material fact.  *See* Fed. R. Civ. Proc. 56.  "[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  The party seeking summary judgment need not produce evidence negating the existence of a material fact; it need only point out the absence of evidence supporting the other party's case.  *Id.*; *see also Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1195–96 (5th Cir. 1986) ("There is no sound reason why conclusory allegations should suffice to require a trial when there is no evidence to support them even if the movant lacks contrary evidence.").

---

[22] *Id.*
[23] *Id.*
[24] *Id.* at 108.
[25] *Id.* at 101.
[26] *Id.* at 96.

Once the party seeking summary judgment carries that burden, the nonmoving party must come forward with specific facts showing that there is a genuine dispute of material fact for trial. *See Matsushita Elec. Indus. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The showing of a genuine issue is not satisfied by creating "'some metaphysical doubt as to the material facts,' by 'conclusory allegations,' by 'unsubstantiated assertions,' or by only a 'scintilla' of evidence[.]" *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (citations omitted). Rather, a genuine issue of material fact exists when the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

"Although the substance or content of the evidence submitted to support or dispute a fact on summary judgment must be admissible . . . the material may be presented in a form that would not, in itself, be admissible at trial." *Lee v. Offshore Logistical & Transp., L.L.C.*, 859 F.3d 353, 355 (5th Cir. 2017) (citations omitted). The party responding to the motion for summary judgment may not rest upon the pleadings but must identify specific facts that establish a genuine issue. *See Anderson*, 477 U.S. at 248. The nonmoving party's evidence, however, "is to be believed, and all justifiable inferences are to be drawn in [the nonmoving party's] favor." *Id.* at 255.

## IV.   LAW, ARGUMENT AND ANALYSIS

"Under Louisiana law, a defendant generally does not have a duty to protect against that which is obvious and apparent." *Bufkin v. Felipe's Louisiana, LLC*, 171

So. 3d 851, 856 (La. 2014).[27]  The Louisiana Supreme Court has "clarified that[, where a defect is open and obvious,] the application of the risk-utility balancing test is not necessary at the summary judgment stage."  *Butler v. Int'l Paper Co.*, 636 F. App'x 216, 219 (5th Cir. 2016) (citing *Allen v. Lockwood*, 156 So. 3d 650, 651 (La. 2015)).[28]

---

[27] Rouses argues, over Schultz's vigorous opposition, that the MLA, La. R.S. 9:2800.6, which requires more of a plaintiff than would otherwise be required to state a negligence claim, applies here.  *See, e.g.*, R. Doc. No. 38-1, at 6.  The Court need not resolve that issue, as the 'open and obvious' doctrine, discussed *infra*, applies with equal force in either scenario.  *See, e.g.*, *Thibodeaux v. Home Depot USA, Inc.*, 816 F. App'x 988, 989 (5th Cir. 2020) (affirming summary judgment on the basis of a hazard's open and obvious nature in a case brought under the MLA); *Bufkin*, 171 So. 3d at 855 (granting summary judgment on the basis of a hazard's open and obvious nature in a case brought under La. Civ. Code arts. 2317 and 2317.1); *Chatman v. Home Depot USA, Inc.*, 355 F. App'x 842, 843 (5th Cir. 2009) (affirming grant of summary judgment on basis of a hazard's open and obvious nature notwithstanding plaintiff's argument that the district court wrongly applied Article 2317.1 and not the MLA).

Curiously, Schultz argued in her initial opposition that, if the Act does not apply, the relevant statue is La. Civ. Code art. 2315(A), which deals with liability for acts.  R. Doc. No. 41, at 4.  However, in supplemental briefing ordered by the Court, Schultz suggested that the source of Rouses's duty was either La. Civ. Code art. 2317.1 or cases applying a "simple negligence" standard to situations involving an owner of a business's duty to keep the premises safe from unreasonable risks of harm.  R. Doc. No. 51, at 3; *id.* at 4 (citing *Jefferson v. Costanza*, 628 So. 2d 1158, 1162 (La. Ct. App. 2 Cir. 1993)).

The Court need not weed through the distinctions because Schultz makes clear her position that Rouses's liability arises from Rouses's "duty to keep [its] immovable property in a reasonably safe condition and either correct or warn of unreasonably dangerous conditions."  *Id.* at 3; *see id.* ("[Rouses] indisputably *owned and controlled the premises*, including the immovable display that caused [her] fall.") (emphasis retained).  In such a situation, as Schultz acknowledges, Rouses "does not have a duty to protect against that which is open and obvious."  *Id.* at 8 (citing *Ramirez v. PNK Lake Charles LLC*, No. 15-1448, 2017 WL 7798670, at *4 (W.D. La. Oct. 17, 2017)).

[28] Even if *Butler*'s interpretation of *Allen* is inaccurate, the point is academic.  As *Butler* noted while applying in the alternative Louisiana's four factor risk-utility balancing test, "[w]hen [a] risk is open and obvious to everyone, the probability of injury is low and the thing's utility may outweigh the risks caused by its defective

"In order for an alleged hazard to be considered obvious and apparent, [the Supreme Court of Louisiana] has consistently stated the hazard should be one that is open and obvious to everyone who may potentially encounter it." *Id.* (citing *Broussard v. State ex rel. Office of State Bldgs.*, 113 So. 3d 175, 184 (La. 2013); *Hutchinson v. Knights of Columbus, Council No. 5747*, 866 So. 2d 228, 234 (La. 2004)). "The open and obvious inquiry . . . focuses on the global knowledge of everyone who encounters the defective thing or dangerous condition, not the victim's actual or potentially ascertainable knowledge." *Broussard*, 113 So. 3d at 188.[29]

For this reason, summary judgment is inappropriate where there is evidence that an alleged defect was not obvious to others who encountered it, despite the plaintiff's actual knowledge. *See, e.g.*, *Cashman v. Mr. B's Bistro, Inc.*, No. 20-645, 2021 WL 53311, at *2 (E.D. La. Jan. 6, 2021) (Vitter, J.) (concluding that expert testimony indicating risk was not readily apparent to all precluded summary judgment); *Cali v. Cracker Barrel Old Country Store, Inc.*, No. 16-167, 2016 WL 6947001, at *4 (E.D. La. Nov. 28, 2016) (Fallon, J.) (denying summary judgment where evidence suggested an alleged trip hazard "was somewhat hidden behind a column").

---

condition." *Id.* at 220 (quoting *Broussard*, 113 So. 3d at 184).  To be clear, the Court would reach the same conclusion applying the risk-utility balancing test that it does here—the likelihood and magnitude of the risk posed by the display is near non-existent in light of its open and obvious nature.

[29] This is because "[t]he plaintiff's knowledge or awareness of the risk created by the defendant's conduct should not operate as a total bar to recovery in a case where the defendant would otherwise be liable to the plaintiff." *Id.* at 188–89.

However, courts have consistently granted summary judgment where plaintiffs cannot produce evidence challenging a hazard's open and obvious nature. *See, e.g.*, *Peters v. Jazz Casino Co., L.L.C.*, 712 F. App'x 415, 417 (5th Cir. 2018) (affirming grant of summary judgment where plaintiff "offered no evidence to show" that a hazard was not obvious); *Martin v. Boyd Racing, L.L.C.*, 681 F. App'x 409, 413 (5th Cir. 2017) (similar).  Moreover, while a plaintiff's actual awareness of a hazard is not sufficient to render it 'open and obvious,' it may "lead[] to [an] inference that [an alleged defect] would have been 'open and obvious' to others." *Butler*, 636 F. App'x at 219; *see also, e.g.*, *Ichikawa v. DSW Shoe Warehouse, Inc.*, No. 16-1288, 2017 WL 568812, at *3 (E.D. La. Feb. 13, 2017) (Milazzo, J.) (basing its grant of summary judgment in part on fact that the plaintiff "testified she was aware of the presence" of the alleged hazard).

Courts have also granted summary judgment where common sense belies any argument that a hazard would not be open and obvious.  *See, e.g.*, *Lester v. Dillard Dep't Stores, Inc.*, No. 15-3246, 2016 WL 3144398, at *3 (E.D. La. June 6, 2016) (Milazzo, J.) ("[A]ll tables have legs [and therefore] it is open and obvious to all who encounter a table covered with a tablecloth that there will be legs beneath supporting the table."); *Lowery v. TJX Cos., Inc.*, No. 16-14182, 2017 WL 4844273, at *3 (E.D. La. Oct. 26, 2017) (Lemelle, J.) ("It should be apparent to all shoppers, at least in the moment when they decide to try on a pair of shoes, whether or not they are seated . . . [and] that trying on a pair of shoes without first taking a seat will require balancing

and supporting oneself on one leg and then the other.  The risk of falling inherent to such a maneuver is 'obvious to all[.]'").

Furthermore, the Fifth Circuit has repeatedly "rejected the contention that Louisiana law requires evidence of others' awareness of [an alleged defect] to" grant summary judgment due to the defect's open and obvious nature.  *Peters*, 712 F. App'x at 417 (citing *Butler*, 636 F. App'x at 218–19).  Though such evidence may be "*sufficient* to establish that" a hazard was open and obvious, it is "not *necessary*."  *Butler*, 636 F. App'x at 219 (emphasis retained).  In several cases, "the Louisiana Supreme Court has relied upon the plaintiff's testimony or photographs of the scene to establish that a condition is 'open and obvious.'"  *Id.* (gathering cases).

In short, where a plaintiff offers no evidence contradicting record evidence that a hazard is open and obvious, summary judgment is appropriate.

In relevant part, Rouses argues that Schultz cannot establish that it had a duty to her because the relevant display's placement, and the risk inherent to an effort to contort around it to reach the shelves behind, was open and obvious to all.[30]

For her part, Schultz argues that, "while [she had] complained to Rouses [about its displays], she did not fully appreciate or foresee the nature or type of danger presented by the . . . display at issue[,]" precluding a finding that it was open and obvious.[31]  She explains that she "did not anticipate having to maneuver around the display[], contort her body to reach her product, and, in the process, fall."[32]

---

[30] *See, e.g.*, R. Doc. No. 55, at 2, 4.
[31] R. Doc. No. 41, at 5 (citing *Hutchinson*, 866 So. 2d at 234–35).
[32] *Id.* at 8 (citation omitted).

In its reply, Rouses notes that Schultz's opposition is difficult to square with her deposition testimony that, to her, the display was "open and obvious."[33]  Rouses adds that this deposition testimony and other evidence "reinforce[s] the conclusion that the floor display was an open and obvious condition for which Rouses owed no duty."[34]

Faced with this underbriefed and potentially dispositive issue, the Court ordered supplemental briefing.  In her response, Schultz argues—acknowledging her problematic deposition testimony—that "whether [she] saw the display or acknowledged that it was obvious is insufficient to show that" it was, in fact, open and obvious.[35]  Instead, she explains, Rouses must "show that the hazard presented by the display was 'open and obvious' to *all*."[36]  Schultz draws the Court's attention to two cases which, she claims, support her position.

The first, *Ramirez*, 2017 WL 7798670, at *4, involved a plaintiff who slipped and fell on a puddle of which he was aware.  The Court suspects that Schultz is invoking this case to support the proposition that her acknowledgment that she saw the display is not dispositive.

The second, *Ray v. Stage Stores, Inc.*, 640 F. App'x 322 (5th Cir. 2016), is more significant.  In *Ray*, the Fifth Circuit reversed and remanded the district court's grant of summary judgment on the basis of an alleged hazard's open and obvious nature.

---

[33] R. Doc. No. 47, at 5 (citing R. Doc. No. 41-1, at 101).
[34] *Id.* at 6.
[35] R. Doc. No. 51, at 10.
[36] *Id.* (emphasis retained).

*Id.* at 326.  After the plaintiff tripped and fell on the base of a clothing rack, the district court granted summary judgment in favor of the defendant department store, noting that the plaintiff had acknowledged that she saw the base of the rack and that video evidence indicated that the base of the rack was easily visible.  *Id.* at 323.

The Fifth Circuit acknowledged Louisiana precedent finding that "stationary obstacles such as . . . displays, represent 'open and obvious' hazards."  *Id.* at 324 (citing *Primrose v. Wal-Mart Stores, Inc.*, 127 So. 3d 13, 17–18 (La. Ct. App. 2d Cir. 2013); *Russell v. Morgan's Bestway of La., LLC*, 113 So. 3d 448, 452–53 (La. Ct. App. 2d Cir. 2013)).  But it concluded that those cases were distinguishable, as they addressed hazards that were, in their entirety, "plainly visible."  *Id.*  And, relying on the fact that "[c]ourts applying Louisiana law have almost uniformly concluded that an otherwise-visible obstacle that protrudes outward near ground level is not—at least as a matter of law—an 'open and obvious' hazard," the court reversed.  *Id.* at 324–25.

Schultz argues that applying these cases to her accident mandates denial of summary judgment because "[c]ustomers, unlike contractors or vendors such as [her], likely were not aware of the unique hazard presented by the display unless, like [her] they were required to access merchandise located directly behind, and obstructed by, the display."[37]

Schultz's citations to caselaw are unhelpful.  In *Ramirez*, the U.S. Magistrate Judge offering the recommendation explicitly noted that "the record [was] devoid of

---

[37] *Id.*

factual evidence *showing the precise size and location of the warning cone in question*," distinguishing it from cases where "*photographs* clearly showed the size of [a hazard] cone and" its placement.  *Ramirez*, 2017 WL 7798670 at \*6 (emphasis in original). Undisputed record evidence (the photograph and Schultz's complementary testimony) establishes the placement and size of the display at issue here, alleviating any concerns along the lines of those present in *Ramirez*.

*Ray*, Schultz's other case, also turned on a factual issue not present here. There the Fifth Circuit acknowledged the ample Louisiana precedent establishing that displays of the sort Schultz confronted here *can* be 'open and obvious' hazards. 640 F. App'x at 324.  Nonetheless, in view of the fact that the plaintiff had allegedly tripped over the ground-level base of a rack, the panel deferred to earlier courts' "conclu[sions] that an otherwise-visible obstacle that protrudes outwards near ground level" cannot be, as a matter of law, an open and obvious hazard.  *Id.* at 324– 25.  As the photograph clearly shows (and as Schultz's testimony indicates) the display at issue did not protrude outwards near ground level.  And Schultz did not trip over it.  *Ray* does not compel denial of the instant motion.

The photograph and Schultz's testimony make clear that the display was readily visible and that there was no hidden threat.  And Schultz offers no evidence that customers, vendors, or anyone else would have been unable to see the display— evidence that would raise a dispute of material fact and defeat summary judgment. Consequently, assuming the complained-of hazard is the display, summary judgment

14

is appropriate.[38]  *See, e.g.*, *Peters*, 712 F. App'x at 417 (affirming grant of summary judgment where plaintiff "offered no evidence to show" that a hazard was not obvious); *Martin*, 681 F. App'x at 413 (similar); *see also Butler*, 636 F. App'x at 219 (noting that, while a plaintiff's actual awareness of a hazard is not sufficient to render it 'open and obvious,' it may "lead[] to [an] inference that [an alleged defect] would have been 'open and obvious' to others").

As noted, Schultz also argues that the display was not open and obvious to customers (precluding summary judgment) because they "likely were not aware of the unique hazard presented by the display unless . . . they were required to access merchandise located directly behind, and obstructed by the display."[39]  This argument fails for multiple reasons.  First, the argument is speculative and unsupported by record evidence.  In fact, the only record evidence cited by either side on this point is Schultz's testimony that she had to restock the top shelf behind the display almost every week—presumably because customers were purchasing the product.[40]  Accepting Schultz's premise—that the only way someone would know of the danger of balancing on one leg and stretching oneself to reach a product is if they did it—it appears customers did just that.

---

[38] Schultz's argument that summary judgment on the matter of a hazard's open and obvious nature, for which she cites *Gauthier v. Dollar Tree Stores, Inc.*, 208 So. 3d 503 (La. Ct. App. 2d Cir. 2016), fails in the face of abundant caselaw to the contrary. *See supra*.  Moreover, *Gauthier* turned on that court's determination that "the plaintiff produced sufficient evidence to create a genuine issue of material fact." *Id.* at 506.  Schultz has offered *no* evidence to suggest the display was not open and obvious.

[39] R. Doc. No. 51, at 10.

[40] R. Doc. No. 41-1, at 96.

And finally, the Court sees little reason to accept that premise. Schultz argues, in essence, that the risk she faced was that of losing her balance reaching around a display and bracing herself against a shelf while balancing on one leg to try and reach the top shelf. The Court doubts that *anyone* who has ever stood on one leg could be unaware that it is easier to lose one's balance on one foot than on two. Numerous courts have granted summary judgment in the face of such common sense 'hazards.' *See, e.g.*, *Lester*, 2016 WL 3144398, at *3 (concluding that anyone encountering a clothed table would know that it has legs); *Lowery*, 2017 WL 4844273, at *3 (concluding that anyone who had tried putting a shoe on standing up would know that it is difficult to do so and maintain one's balance). The risk of losing one's balance while stretching on one leg is, to say the least, obvious. In the absence of evidence to the contrary, summary judgment is appropriate.

## V.     CONCLUSION

Uncontradicted record evidence establishes that the hazard Schultz faced was open and obvious, meaning that Rouses had no duty to protect her from it. Accordingly,

**IT IS ORDERED** that Rouses's motion for summary judgment is **GRANTED**; Schultz's claims against Rouses are **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that Rouses's motion[41] to exclude certain expert testimony, its motion for leave to file an additional motion *in limine*,[42] and Schultz's motion[43] for a settlement conference, are **DISMISSED AS MOOT**.

New Orleans, Louisiana, June 21, 2021.

_____

**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**

---

[41] R. Doc. No. 39.
[42] R. Doc. No. 57.
[43] R. Doc. No. 33.